UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Terrance A. McCants, | ) C/A No. 8:10-00789 -RBH-BHH |
|---|---|
| Petitioner, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| Warden M. M. Mitchell, | ) |
| Respondent. | ) |

The Petitioner, Terrence A. McCants ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at Federal Correctional Institution (FCI) Edgefield in Edgefield, South Carolina. In this action, Petitioner alleges that his federal sentence is "improper and unreasonable," and he seeks to be re-sentenced. (Pet. at pp.3-4)

### *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989);

---

1) Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1

*Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this court is charged with screening the plaintiff's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## Background

On April 24, 2008, Petitioner was sentenced in this District Court before the Honorable R. Bryan Harwell to concurrent sentences of one hundred and forty-four (144) months of incarceration for the offenses of possession with intent to distribute "PWITD a

2

Quantity of Cocaine Base" and "Felon in Possession of a Firearm and Ammunition." (Pet. at p.2) *See also United States v. Terrance Antonio McCants*, Cr. No. 4:06-01311-RBH-1 (Docket Entry No. 104).[2] It appears that Petitioner did not file a direct appeal in his criminal case nor did he file a motion pursuant to 28 U.S.C.§ 2255. *Id.*

Petitioner alleges that he was sentenced under the Armed Career Criminal Act ("ACCA") as a career offender because this Court had determined that Petitioner had three predicate offenses which required that he be sentenced under the ACCA. (Pet. at p.3) Petitioner alleges that these predicate offenses were "non-violent" burglaries, which were improperly used to enhance his sentence. *Id.* Thus, Petitioner claims his sentence is unreasonable, and he asks to be re-sentenced without the ACCA being applied. (Pet. pp. 3, 4, 5).

## Discussion

Generally, a habeas petition brought pursuant to 28 U.S.C. § 2241 "'attacks the execution of a sentence rather than its validity,' whereas a motion brought pursuant to 28 U.S.C. § 2255 'attacks the legality of detention.'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 (D.S.C. April 7, 2009) (citation omitted). If a petitioner attacks the validity of his sentence, this type of claim should usually be brought under § 2255 in the sentencing court. *Id.* A § 2241 habeas petition generally challenges the execution or implementation of a federal prisoner's sentence, such as parole matters, computation of

---

2) It is appropriate for this District Court to take judicial notice of the Petitioner's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

3

sentence by prison officials, prison disciplinary actions, and prison transfers. *Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780 at *4 (D.S.C. 2006). A writ under § 2241 by a federal prisoner must be brought against the warden of the facility where the prisoner is being held, and a court may only issue a writ if it has jurisdiction over the custodian. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); 28 U.S.C. § 2241(a). Because Petitioner is incarcerated in the District of South Carolina and he named the Warden of FCI Edgefield as the Respondent, this § 2241 petition was properly filed in this court. However, a threshold question in this case is whether Petitioner's claims are cognizable under § 2241.

Title 28 U.S.C. § 2255 is the primary means under which a federal prisoner, such as Petitioner, may collaterally attack the legality of his conviction or sentence. The statute provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. However, a petition under § 2241 is available for a federal prisoner to collaterally attack his conviction or sentence when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. *See also Swain v. Pressley*, 430 U.S. 372, 381 (1977). The Fourth Circuit unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re*

*Jones*, 226 F.3d 328, 333 (4th Cir. 2000)(citations omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario the Fourth Circuit deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34.

It appears that Petitioner cannot satisfy the savings clause because the reach of the savings clause has not been extended to prisoners who challenge only their sentences. *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 at *3 (D.S.C. April 7, 2009). *See also United States v. Poole*, 531 F.3d 263, 267 (4th Cir. 2008). Petitioner in this case does not claim to be actually innocent of his convictions for possession with intent to distribute a quantity of cocaine and unlawful transport of a firearm. Instead, he argues that he should not have been sentenced as an armed career criminal and that his sentence is illegal. This Court cannot find support to permit it, pursuant to § 2241, to determine whether Petitioner is "actually innocent" of his sentence. *See James v. Stansberry*, C/A No. 3:08CV512, 2009 WL 320606 (E.D. Va. Feb. 9, 2009) (finding that the § 2241 petition, which raised a claim that the FTSBL conviction could no longer be a "violent felony" under the ACCA, was really a § 2255 successive motion). *Cf. United States v. Maybeck*, 23 F.3d

888, 893-94 (4th Cir. 1994) (finding for petitioner, in a § 2255 action, that he was actually innocent of the classification as a career offender and remanding for re-sentencing).

For several reasons, this Court believes that it is in the interest of justice to re-characterize this *pro se* § 2241 habeas petition as a § 2255 habeas motion. *See Castro v. United States*, 540 U.S. 375, 381 (2003) (noting that "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."); *Manigault v. Lamanna*, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780 at 4, fn.4 (D.S.C. May 11, 2006) ("This Court is not bound by Petitioner's characterization of his claims ... ."). This same District Court was the sentencing court in Petitioner's criminal case, and it does not appear that Petitioner has filed a previous § 2255 motion. A claim raised in this action may be cognizable in a § 2255 motion. Also, the AEDPA one-year statue of limitations may be an issue if this action is dismissed without prejudice so that Petitioner can file a subsequent § 2255 motion.[3]

If this action is re-characterized as a § 2255 motion, Petitioner is hereby informed that any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions.[4] Accordingly, Petitioner may withdraw his petition or amend it so

---

3) Of course, the AEDPA statute of limitations may be an issue even if this action is re-characterized as a § 2255 motion.

4) Before a petitioner may litigate a second § 2255 habeas petition, the "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244 (regarding the finality of determination).

that it contains **all** of the § 2255 claims that Petitioner wishes to bring before the court. *See United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008); *United States v. Castro*, 540 U.S. 375 (2003). As explained on the last page of this Report and Recommendation, Petitioner is given fourteen (14) days to file objections to this Report and Recommendation, and Petitioner must also withdraw his petition or amend it so that it contains all of the § 2255 claims that he believes he has, if he chooses to do so, within the same fourteen (14) day deadline.[5]

### Recommendation

It is recommended that the petition filed in the above-captioned case be re-characterized as a habeas petition pursuant to 28 U.S.C. § 2255 and filed in this district court as such a motion in Petitioner's criminal action *United States v. Terrence Antonio McCants*, Cr. No. 4:06-01311-RBH-1,[6] and that the filing date of the said motion should be designated as March 25, 2010.[7] It is further recommended that the above-captioned case be dismissed without prejudice. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-

---

5) Certainly, the United States District Court judge may adjust this deadline.

6) The Office of the Clerk of Court should open a § 2255 habeas action using its usual administrative methods.

7) The "delivery" date of Petitioner's habeas petition appears to be March 25, 2010. (Pet. at p. 5) *See Houston v. Lack*, 487 U.S. 266, 270-276 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court).

132, 110 Stat. 1214.  **The petitioner's attention is directed to the important notice on the next page.**

                                              s/Bruce Howe Hendricks
                                              United States Magistrate Judge

April 12, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).